UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN JUSTIN VILLALONA,

   Petitioner,

v.            Case No: 6:14-cv-162-Orl-40TBS
              (6:11-cr-375-Orl-40TBS)

UNITED STATES OF AMERICA,

   Respondent.
_____/

## ORDER

This cause is before the Court following an evidentiary hearing held on August 15, 2018. Petitioner, Steven Justin Villalona, initiated this case by filing a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1). Villalona alleged that his counsel, Mauricio Hued, was ineffective for failing to file a motion to withdraw his plea prior to the Court's acceptance of his plea. The Court denied the Motion to Vacate and dismissed the case. (Doc. 10). Villalona appealed, and the Eleventh Circuit Court of Appeals entered an Opinion/Order (Doc. 19), vacating the order of dismissal and remanding the case "for the district court to hold an evidentiary hearing to determine whether the failure of counsel to file a motion to withdraw Villalona's plea amounted to ineffective assistance." (Doc. 19 at 2).

    **I.**  **PROCEDURAL BACKGROUND**

A Grand Jury charged Villalona and two other individuals in a three-count

indictment with the commission of various crimes. (Criminal Case No. 6:11-cr-375-Orl-40KRS, Doc. 20).[1] Villalona was charged in counts one (conspiracy to possess with intent to distribute 5 kilograms or more of cocaine) and three (possession of a firearm in furtherance of a drug trafficking offense). Villalona entered into a Plea Agreement (Criminal Case Doc. 38) dated January 4, 2012, in which he agreed to enter a guilty plea to counts one and three. Villalona acknowledged in the Plea Agreement that "[i]t was part of the conspiracy that Villalona, along with his co-conspirators, would take possession, with an intent to distribute, a total of 10 kilograms of cocaine from an undercover law enforcement officer . . . ." (*Id*. at 18).

On January 10, 2012, Magistrate Judge David A. Baker held a change of plea hearing, and, on the same date, filed a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. 50), recommending that the Plea Agreement and the guilty plea be accepted and that Villalona be adjudged guilty and have sentence imposed accordingly.

On January 19, 2012, Villalona and Hued met with law enforcement agents for a proffer. The proffer was ninety minutes long and was "well received." (Government's Exhibit Number 6). The agents were "very pleased" by Villalona's proffer. (Criminal Case Doc. 95 at 5).

---

[1] Criminal Case No. 6:11-cr-375-Orl-40KRS will be referred to as "Criminal Case."

2

On January 23, 2012, Hued went to the Seminole County Jail to meet with Villalona for an interview with a probation officer regarding his Presentence Investigation Report ("PSR"). However, according to the PSR, the "Probation Office attempted to interview the defendant. Villalona advised the Probation Office that he intended to seek new counsel and to withdraw his plea. Defense Counsel advised the Probation Office that the defendant would not be interviewed." (PSR at 12).

On January 31, 2012, the Court accepted the Report and Recommendation and entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. 60). At the sentencing hearing, Villalona himself expressed to the Court that "on January 23rd, 2012, during the meeting with the probation officer I stated to my attorney that my intentions were to withdraw my plea and retain new counsel." (Criminal Case Doc. 96 at 2). The Court then asked Villalona: "And if you were charged with two kilos would you then want to withdraw your plea?" (*Id*. at 3). Villalona responded, "No, sir." (*Id*.). The Court found that Villalona was "responsible for conspiracy to possess with intent to distribute two kilos of cocaine." (*Id*. at 4). The Court indicated that it would sentence Villalona to the minimum mandatory sentence of ten years as to Count One and to the minimum mandatory sentence of five years (consecutive) as to Count Three. (*Id*. at 5).

On May 18, 2012, the Court entered a Judgment in a Criminal Case (Criminal Case Doc. 82) in which Villalona was adjudicated guilty of the crimes and sentenced to imprisonment for a total term of 180 months, to be followed by supervised release for a

term of five years. On direct appeal, the Eleventh Circuit Court of Appeals made the following determination regarding Villalona's guilty plea:

> We conclude from the record here that the district court did not abuse its discretion by denying Villalona's request at sentencing to withdraw his guilty plea because Villalona failed to establish a "fair and just reason" for the withdrawal of his plea. Villalona had the close assistance of counsel prior to, and during, his plea hearing, and the exhaustive hearing conducted by the magistrate judge established that his guilty plea was knowing and voluntary. Although the record does indicate that Villalona had formed the intention to withdraw his plea while he retained the absolute right to do so, he failed to act promptly on that intention. Further, because the magistrate judge conducted an exhaustive Rule 11 hearing that thoroughly probed the knowing and voluntary nature of Villalona's guilty plea, we conclude that the district court did not plainly err, let alone abuse its discretion, by declining to hold an evidentiary hearing on his request for withdrawal.

(Criminal Case Doc. 105 at 6).

## II.   LEGAL STANDARD (INEFFECTIVE ASSISTANCE OF COUNSEL)

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id*. at 689.

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two part

4

*Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." A defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## II. ANALYSIS

At the evidentiary hearing, Villalona testified on his own behalf, and Hued testified on behalf of the Government. Villalona and Hued recalled different versions of the events surrounding Villalona's desire to withdraw his plea. Their testimony is summarized below.

### A. Villalona and Hued's Accounts at the Evidentiary Hearing

Villalona stated that, on January 19, 2012, during the proffer, he did not believe that Mr. Mercedes was going to testify against him and that he "didn't feel right about pleading guilty." (Transcript of Evidentiary Hearing at 62). According to Villalona, he asked Hued before the proffer began if he could withdraw his plea. (*Id*.). Hued responded that "it's too late" because the Court had already accepted the plea. (*Id*.).

Villalona maintained that, after the proffer (specifically between January 19, 2012, and January 23, 2012), he was informed by another inmate that he could withdraw his plea because it had not been accepted by the Court. (*Id*. at 63). According to Villalona, he was upset at Hued for providing erroneous information about withdrawing his plea.

5

(*Id*.).  As a result, Villalona told the probation officer on January 23, 2012, that he wanted to cancel the interview.  (*Id*. at 64).  On that same day at the Seminole County Jail, Villalona stated that he instructed Hued that he wanted to withdraw his plea and directed Hued to file a motion to withdraw the plea; however, Hued refused and told Villalona that he needed to find private counsel to do so.  (*Id*. at 65-66, 70, 76).

Conversely, the upshot of Hued's testimony was that Villalona never directed him, prior to January 31, 2012, to move to withdraw the plea.  Hued stated that, at the January 19, 2012, proffer, Villalona never expressed his intention or desire to withdraw his plea, and Villalona did not instruct Hued to withdraw his plea.  (Transcript of Evidentiary Hearing at 12).  According to Hued, Villalona told him on January 23, 2012, at the Seminole County Jail, that he was firing Hued and that he was hiring private counsel to move to withdraw the plea.  (*Id*. at 13, 86).  During their interaction on January 23, 2012, Villalona referred to Hued as a "clown" and stated that he had "lost all faith" in Hued and that Hued was useless.  (*Id*. at 14, 86-88).  However, Villalona did not direct Hued to file a motion to withdraw the plea prior to January 31, 2012.  (*Id*. at 15, 17).  Hued reiterated on several occasions that Villalona never asked him to file a motion to withdraw the plea prior to January 31, 2012.  (*Id*. at 18, 83-84).  Further, Hued stated that Villalona also never instructed him to find someone else to file a motion to withdraw on his behalf.  (*Id*. at 84).

Hued followed up the January 23, 2012, by sending Villalona a letter dated January 27, 2012, stating that on "Monday you told me you were hiring a new lawyer who will be

filing a motion to withdraw your plea. As of today I have not seen any new attorney file a notice of appearance on your case." (Government's Exhibit Number 6). The next communication Hued had with Villalona was on March 9, 2012, at the Seminole County Jail. (*Id*. at 16). Hued was informed on that occasion that Villalona was in isolation due to a scabies infection. (*Id*.).

**B.      Findings of Fact and Conclusions of Law**

"A defendant has an absolute right to withdraw a guilty plea before the district court accepts it. Fed. R. Crim. P. 11(d)(1)." *United States v. Villalona*, 506 F. App'x 902, 904 (11th Cir. 2013). However, after the district court has accepted a defendant's guilty plea, and before sentencing, the defendant may withdraw a guilty plea only if "(1) the district court rejects the plea agreement, or (2) the defendant can show a fair and just reason for requesting the withdrawal." *Id*. (citation omitted) (quotation omitted). In the present case, the issue of whether Hued failed to file a motion to withdraw Villalona's plea is relevant to Villalona's absolute right to withdraw his plea before the Court accepted it.

After a careful weighing of the evidence, this Court finds that Hued's testimony as to the facts is more credible than Villalona's testimony. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact."). As such, the Court finds that, on January 23, 2012, Villalona informed Hued that he intended to file a motion to withdraw the plea

7

through new counsel. Moreover, on that day, Villalona fired Hued and never directed Hued to file a motion to withdraw the plea.

This scenario is confirmed by Hued's letter to Villalona dated January 27, 2012, in which Hued stated that, although Villalona told him of his intention to file a motion to withdraw the plea through new counsel, Villalona had not done so. Villalona was well aware that he had the absolute right to withdraw his plea prior to the Court's acceptance of it, but he took no action to do so. Hued, who was fired by Villalona on January 23, 2012, understood that Villalona intended to file a motion to withdraw his plea through new counsel. Villalona never made a clear request to Hued to withdraw his plea. Villalona never directed Hued to do so, and he never did so himself or through new counsel, despite the fact that Villalona was aware of the necessity of doing so prior to the Court's acceptance of the plea.

Under the circumstances, the Court finds that Hued's failure to file a motion to withdraw Villalona's plea did not amount to ineffective assistance. Hued did not do so because Villalona fired him and told him that new counsel would be doing so. Hued's performance did not fall below an objective standard of reasonableness as Villalona had not communicated a clear desire for Hued to withdraw the plea. Consequently, Hued's performance was not deficient with regard to this matter.

The Court also finds that Villalona has not shown prejudice. At sentencing, the Court specifically asked Villalona whether he desired to withdraw his plea if the charges only involved two kilograms of cocaine, and Villalona stated, "No, sir." The Court then

proceeded to find Villalona responsible for conspiracy to possess with intent to distribute two kilograms of cocaine. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (U.S. 1977). Based on Villalona's representation at sentencing, there was not a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

In sum, the Court finds that Hued's failure to file a motion to withdraw Villalona's plea did not amount to ineffective assistance.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Villalona fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Villalona cannot show that jurists of reason would find this Court's procedural rulings debatable. Villalona fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Villalona a certificate of appealability.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:11-cr-375-Orl-40TBS.

4. Petitioner is **DENIED** a certificate of appealability in this case.

5. The Clerk of the Court is directed to terminate any related section 2255 motions filed in criminal case number 6:11-cr-375-Orl-40TBS.

**DONE** and **ORDERED** in Orlando, Florida on August 24, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 8/24